IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEAGHAN HIBBS,

        Plaintiff,

v.

CAPIO PARTNERS, LLC,

        Defendant.
_____/

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(d).

### III. Parties

4. Plaintiff, Meaghan Hibbs, (hereafter "Plaintiff) is an individual residing at 1428 Corner Oaks Drive, Brandon, Florida, 33510.

5. Defendant Capio Partners, LLC (hereafter "Capio" or "Defendant") is a for-profit Limited Liability Company, with its principal place of business located at 2250 Satellite

Blvd., Suite 210, Duluth, Georgia, 30097. The principle purpose of Defendant is the collection of debt, using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

## Factual Allegations

6. On or about January 19, 2010 Plaintiff received a telephone call from her brother who lived in Texas.

7. Plaintiff's brother was upset because he and his family had received numerous telephone calls from Capio.

8. During the telephone calls, representatives of Capio told Plaintiff's brother that it was imperative that they speak to Plaintiff and that she had to call Capio because she owed them money.

9. Despite the fact that Plaintiff's brother asked that Capio stop calling his home because Plaintiff did not live there, Capio continued to call.

10. Plaintiff then called Capio and discovered that they were attempting to collect a medical bill that Plaintiff owed due to a required surgery.

11. The debt Capio was attempting to collect was incurred by Plaintiff primarily for personal and/or household purposes and was therefore a consumer debt as defined by 15 U.S.C. §1692(a).

12. During the phone call Plaintiff advised Capio that she was unable to pay the bill because she had been unable to work since the surgery and she requested that they stop calling her brother.

13. Plaintiff continued to receive numerous phone calls from Capio.

14. During one call Plaintiff told the representative that she was planning on filing for bankruptcy and the representative responded by calling Plaintiff a "liar".

15. In or around April of 2010, Plaintiff received a series of phone calls from Capio on the same day.

16. On approximately the sixth phone call Plaintiff answered and the representative demanded that Plaintiff pay $200.00 on the account.

17. Plaintiff told the representative that she could not pay $200.00 because she was not working and had not been able to work since the surgery.

18. The representative told Plaintiff that she had to get it together and pay her bills.

19. The representative went on to tell Plaintiff that it was not her problem that Plaintiff was unable to work.

20. The abusive statements made by Capio's representative were very upsetting to Plaintiff.

21. The debt Capio was attempting to collect from Plaintiff was a medical bill she owed to a hospital that she was admitted to for emergency surgery on two separate occasions.

22. The emergency surgeries were required due to Plaintiff suffering from two ectopic pregnancies within 12 months.

23. Ever since the two ectopic pregnancies, Plaintiff has suffered from depression and anxiety.

24. The abusive phone calls made by Capio's representatives have increased and exacerbated Plaintiff's depression and anxiety.

25. The frequent phone made by Capio to Plaintiff's brother and his family have also strained Plaintiff's relationship with her brother.

**First Claim for Relief**
**FDCPA Violation**
**Meaghan Hibbs v. Capio Partners, LLC.**

26. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 24.

27. The foregoing acts and omissions of Capio and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692b(1) 1692b(2), 1692b(3) 1692c(b), 1692d, and 1692d(5).

28. As a result if the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

**Second Claim for Relief**
**FCCPA Violation**
**Meaghan Hibbs v. Capio Partners, LLC.**

29. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 24.

30. The foregoing acts and omissions of Alliance One and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(5), 559.72(7), and 559.72(8).

31. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

32. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages, attorney's fees and costs.

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

a. Actual damages pursuant to 15 U.S.C. §1692k and F.S.A §559.77(2);

b. Statutory damages pursuant to 15 U.S.C. §1692k and F.S.A. §559.77(2);

c. Punitive damages pursuant to F.S.A. §559.77(2);

    d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and §559.77(2);

and

    e.  For such other and further relief as may be just and proper.

Dated: November 17, 2010

Respectfully submitted,

<u>/s/G. Donald Golden</u>
THE GOLDEN LAW GROUP
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
don@brandonlawyer.com
james@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
joe@brandonlawyer.com
808 Oakfield Drive, Suite A
Brandon, FL 33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

<u>  s/G. Donald Golden</u>
G. Donald Golden, Esquire